IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   13-cv-02216-WYD-KMT

THEODORE KORAL, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

INFLATED DOUGH, INC., a Colorado corporation,

     Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

### I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 25), filed on January 3, 2014.  The Plaintiff filed a Response (ECF No. 26) on January 28, 2014 and the Defendant filed a Reply (ECF No. 27) on February 14, 2014.

By way of background, the Plaintiff was employed by the Defendant as a pizza delivery driver from September of 1999 to April of 2012.  ECF No. 21, ¶ 7.  The federal minimum wage rate during this time period was $7.25 per hour and the Colorado minimum wage rate ranged from $7.24 per hour in 2010; $7.36 per hour in 2011; $7.64 per hour in 2012; and $7.78 per hour in 2013.  ECF No. 21, ¶¶ 49 and 65.  While employed by the Defendant, the Plaintiff was compensated at the federal minimum wage rate only while working inside the Defendant's restaurant.  ECF No. 21, ¶ 27. While on delivery, his hourly wage rate was reduced.  *Id.*  He would then be directly compensated $4.62 per hour in addition to reimbursement for his vehicle-related

expenses at a rate of $0.16 per mile driven regardless of actual costs.  *Id.*  Pursuant to the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. § 206, during months when the Plaintiff received $30 or more in tips, he was entitled to $2.13 per hour in compensation. ECF No. 21, ¶ 49.  Further, during months when the Plaintiff received $30 or less in tips, he was entitled to $7.25 per hour in compensation.  *Id.*  The Plaintiff's direct compensation combined with tips received was required to meet the $7.25 minimum wage rate.  *Id.*

On December 9, 2013, the Plaintiff filed an Amended Class and Collective Action Complaint and Jury Demand ("Amended Complaint"), individually and on behalf of all others similar situated, alleging that the Defendant failed to properly reimburse the Plaintiff for vehicle expenses incurred while on delivery.  ECF No. 21.  The Plaintiff asserts that this practice was in violation of both federal and state minimum wage requirements under the FLSA, 29 U.S.C. § 201, *et seq.,* and the Colorado Minimum Wage of Workers Act ("CMWWA"), Colo. Rev. Stat. Ann. § 8-6-101, *et seq.,* respectively.  *Id.*  As justification, the Plaintiff reasons that the Defendant's reimbursement policy was inappropriate because it required him to pay out-of-pocket for business related vehicle expenses incurred beyond the $0.16 per mile allocation.  *Id.* Thus, it is the Plaintiff's position that he was compensated less than the federal and Colorado minimum wage rates because his wages were effectively reduced by his unreimbursed out-of-pocket business related expenses.  *Id.*

In response to the Amended Complaint, the Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint on January 3, 2014, alleging several deficiencies.  ECF No. 25.  In that motion, the Defendant argues that the Plaintiff's

claims lack legal support and that the Amended Complaint fails to sufficiently plead the factual basis of liability as required by Fed. R. Civ. P. 12(b)(6). *Id.* After carefully reviewing the applicable pleadings, the Defendant's motion is denied as set forth below.

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In reviewing a motion under Rule 12(b)(6), the Court "must accept all . . . well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id.* at 679.

III.    DISCUSSION

In the Plaintiff's first claim for relief, he maintains that the Defendant violated the FLSA for failing to pay him the federal minimum wage rate to which he was entitled. In the Plaintiff's second claim for relief, he maintains that the Defendant similarly violated the CMWWA for failing to pay him the Colorado minimum wage rate to which he was

entitled.  The Defendant alleges several deficiencies as to these claims for relief, which are addressed in turn below.

      A.    <u>FLSA Claim and Knowledge of Violation</u>

The Defendant argues that the Plaintiff's FLSA claim should be dismissed because the Defendant had no reason to be aware of the Plaintiff's out-of-pocket business related expenses and because the Amended Complaint does not allege that the Defendant had reason to be aware or was put on notice of such expenses.  The Plaintiff does not address this argument in his response to the Defendant's Motion to Dismiss.[1]

As to this issue, the Defendant cites numerous cases that stand for the proposition that an employer's knowledge of an employee's overtime is an essential element of an FLSA claim, in that failing to allege employer knowledge warrants dismissal.  Upon review of the FLSA portion of the Amended Complaint, it is evident that the Plaintiff does not specifically allege that the Defendant knew or should have known of the Plaintiff's vehicle expenses in surplus of the $0.16 per mile allocation. However, the cases cited by the Defendant address overtime and not specific instances where, as here, improper reimbursement is at issue.  Thus, I find that the Plaintiff's FLSA claim should not be dismissed for this reason.

---

[1] I note that count two of the Amended Complaint alleging violation of Colorado minimum wage law does address the Defendant's knowledge as it relates to Colorado's minimum wage. Specifically, the Amended Complaint states that the "Defendant knew or should have known that its policy and practice failed to pay its delivery drivers a reasonable approximation of their automobile expenses, and that through this 'kick back' of wages Defendant uniformly and systematically failed to pay the minimum wage required by Colorado law."  ECF No. 21 ¶ 69.

B.     Approximation of Vehicle Expenses

The Defendant next argues that the Plaintiff's FLSA and CMWWA claims should be dismissed for the failure to sufficiently plead a minimum wage violation.  Specifically, the Defendant asserts that the Plaintiff's claim hinges upon the individual expenses incurred by each Plaintiff and whether those expenses resulted in compensation below the federal and Colorado minimum wage rates.  The Defendant states, however, that the Amended Complaint fails to include the information necessary to determine the Plaintiff's damages.  Namely, the Plaintiff's actual wage rates; the dates and nature of violations; the amounts of alleged deficiencies from both actual expenses and minimum wage; the nature of actual expenses incurred; and the proportional use of the Plaintiff's vehicle for personal and business related purposes.

In response, the Plaintiff correctly argues that he is not required to allege his actual vehicle expenses under the *Twombly* standard because he can raise the plausible inference that the Defendant's approximation of his vehicle expenses was unreasonable.  ECF No. 26, at 5.  As justification, the Plaintiff relies on a decision from this court styled *Darrow v. WKRP Mgmt., LLC*, No. 09-CV-01613-CMA-BNB, 2011 WL 2174496, *4 (D. Colo. June 3, 2011).  *Darrow* stands for the proposition that a plaintiff may rely on an estimate of his/her actual expenses that is not unreasonable in support of his/her claim.  *Darrow*, 2011 WL 2174496, at *4.  Further, based on that estimate and other factual allegations accepted as true, the court may then determine whether the plaintiff has stated a plausible claim that the defendant's approximation of his/her vehicle expenses was unreasonable.  *Id.* at *5.

In *Darrow*, the court determined that the plaintiff's estimation of his actual vehicle expenses was reasonable because the estimate was factually supported by reference to reputable standards. The "[p]laintiff allege[d] that the 2009 [Internal Revenue Service ("IRS")] . . . standard business mileage rate of $0.44 per mile was a reasonable approximation of his vehicle-related expenses in 2009." *Darrow*, 2011 WL 2174496, at *4. This estimate was reasonable because it was supported by "reference to the IRS business mileage reimbursement rate for 2009, which ranged from $0.445 to $0.585 and the [American Automobile Association ("AAA")] . . . estimate of the cost of running and operating a car, which ranged from $0.45 to $0.55 per mile in 2009." *Id.*

The plaintiff, further, asserted that the cost of operating his vehicle would exceed that of the "average driver due to 'frequent stopping and starting of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressure.'" *Darrow*, 2011 WL 2174496, at *4. The *Darrow* court inferred that the plaintiff's estimate was reasonable, based on the fact that it was consistent with IRS and AAA figures, together with the plaintiff's assertion that delivery drivers are more prone to incur greater than average expenses. Having determined that the plaintiff's estimate was reasonable, the court then shifted its analysis to determine whether the plaintiff stated a plausible claim that the defendant's approximation of the plaintiff's vehicle expenses was unreasonable. The court concluded that the facts alleged[2] were sufficient to

---

[2] The following excerpt is the *Darrow* court's analysis of the facts alleged.

The [p]laintiff allege[d] that he was reimbursed at a rate of between $0.75 and $1.00 per delivery for all relevant time periods and has been reimbursed at a rate of $0.75 since 2009. [The] [p]laintiff further allege[d] that he drove an average of five miles per delivery and incurred vehicle-related expenses of $0.44 per mile in 2009. Accepting all of the abovementioned factual allegations as true, as

demonstrate "a reimbursement gap . . . 'significant enough to support a plausible claim that [the] defendant failed to approximate its drivers' expenses.'" *Darrow*, 2011 WL 2174496, at *5.

Here, the Plaintiff alleged that the IRS business mileage reimbursement rate ranged from $0.555 to $0.565 during the applicable limitations period, and that the AAA estimate of the cost of running and operating a car ranged from $0.596 to $0.608 during the same period.  ECF No. 21, ¶ 21.  The Plaintiff then stated that his vehicle "typically experience[d] lower gas mileage and higher repair costs than the average driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, driving short routes as opposed to highway driving, and driving under time pressures." *Id*.  Further, the Plaintiff asserted that the "Defendant uniformly reimburses its drivers much less than any of these reasonable approximations of delivery drivers' actual cost of owning and operating their vehicle for [the] Defendant's benefit." *Id*.  Construing all well-pleaded allegations in the light most favorable to the plaintiff, the Plaintiff appears to adopt the IRS and AAA ranges as a reasonable approximation of his vehicle-related expenses.  This, together with the Plaintiff's assertion that his vehicle typically incurs greater expenses than the average vehicle, creates a plausible inference that the Plaintiff's estimate is likely reasonable.

Having determined that the Plaintiff's estimate was reasonable, I turn to whether the Plaintiff stated a plausible claim that the Defendant's approximation of his vehicle expenses was unreasonable.  The Defendant contends that its reimbursement policy

_____

required by Fed. R. Civ. P. 12(b)(6), [d]efendants' reimbursement formula under-reimbursed Plaintiff in the amount of $1.45 per delivery in 2009.

*Darrow*, 2011 WL 2174496, at *5.

was not *per se* unlawful because it was based on reasonable approximation. As justification, the Defendant asserts that the FLSA permits employers to reimburse employees for expenses using several methods, among them reasonable approximation. I agree with the Defendant's contention that it may reimburse the Plaintiff using a reasonable approximation of the Plaintiff's expenses. *Darrow*, 2011 WL 2174496, at *5 (finding that the defendants "could approximate [the] [p]laintiff's vehicle-related expenses in setting the reimbursement rate"). However, whether the Defendant's approximation of the Plaintiff's expenses was reasonable is a question that I must address based on the allegations of the Amended Complaint. *Id.*

The Plaintiff alleges that he was reimbursed by the Defendant $0.16 per mile driven during the period in question. The Plaintiff further alleges that he incurred expenses that exceeded those of the average driver and adopted the IRS (between $0.555 and $0.565 per mile) and AAA (between $0.596 and $0.608 per mile) figures as a reasonable approximation of his vehicle-related expenses. Based on these figures, accepted as true, the Defendant under-reimbursed the Plaintiff by an amount between $0.395 and $0.448 per mile driven. Though the Defendant is not required to reimburse the Plaintiff according to the Plaintiff's actual expenses, the reimbursement rate must be reasonably approximate. Based on the foregoing, I find that the entirety of the allegations in the Amended Complaint are sufficient to show that the Plaintiff's Amended Complaint asserts a plausible claim that the Defendant's reimbursement practices failed to reasonably approximate the Plaintiff's expenses.

C.    Minimum Wage Violation

Having determined that the Plaintiff has alleged facts sufficient to lead to the plausible inference that the Defendant's reimbursement policy did not reasonably approximate his expenses, I now turn to whether the alleged under-reimbursement constituted a minimum wage violation.   In order to state a claim under the FLSA and CMWWA, a plaintiff "must allege facts sufficient to lead to the plausible inference that the [d]efendants' reimbursement formula did not reasonably approximate [the] [p]laintiff's expenses, but also, that the under reimbursement led to [the] [p]laintiff being paid less than federal and Colorado minimum wages.  *Darrow*, 2011 WL 2174496, at *5.

Based on the totality of the well-pleaded allegations, construing them in the light most favorable to the Plaintiff, I find that the Amended Complaint is sufficient to lead to a plausible inference that the under-reimbursement, of an amount between $0.395 and $0.448 per mile driven, supports the existence of a federal and Colorado minimum wage violation.  For these reasons, I find that the Defendant's Motion to Dismiss should be denied.

IV.    CONCLUSION

Based on the foregoing, it is

ORDERED that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 25) is **DENIED**.

Dated:  September 29, 2014.

                                        BY THE COURT:


                                        s/ Wiley Y. Daniel
                                        WILEY Y. DANIEL
                                        SENIOR UNITED STATES DISTRICT JUDGE